Hunter J. Shkolnik, Esq. NY SB No. 2031458 (*Pro Hac Vice Pending*)
F. Phillip Peche, Esq. Cal. SB No. 300198 (*Pro Hac Vice Pending*)
**NAPOLI SHKOLNIK, PLLC**
400 Broadhollow Rd., Suite 305
Melville, NY 11747
Telephone: (631) 224-1131
Facsimile: (646) 843-7603
hunter@napolilaw.com
ppeche@napolilaw.com

Charles F. Peterson ISB No. 3346
Courtney M. Peterson ISB No. 8002
**PETERSON LAWYERS**
913 W. River Street, Suite 420
Boise, Idaho 83702-7081
Telephone:     (208) 342-4633
Facsimile:      (208) 336-2059
Email:           chuck@petersonlawyers.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

-----------------------------------------------------------------------X

| | |
|---|---|
| KIMBERLEY STEFANSKI; KELLY MULZET; & GRACEMARY STEVENS, | Case No. _____ |
| Plaintiffs, | **COMPLAINT FOR DAMAGES** |
| -against- | **JURY TRIAL DEMANDED** |
| JACKSON JET CENTER, LLC; CONYAN AVIATION, INC. D/B/A JACKSON JET CENTER; ECOM SYSTEMS, INC.; BRENT MISKUSKI; & DOES 1-20, INCLUSIVE, | |
| Defendants. | |

-----------------------------------------------------------------------X

Plaintiffs Kimberley Stefanski, Kelly Mulzet, and Gracemary Stevens (hereinafter "Plaintiffs"), hereby file this Complaint for Damages against Defendants Jackson Jet Center,

1
PLAINTIFFS' COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

LLC (hereinafter "Jackson Jet Center"); Conyan Aviation, Inc. d/b/a Jackson Jet Center (hereinafter "JJC"); ECOM Systems, Inc. (hereinafter "ECOM"); Brent Miskuski (hereinafter "Miskuski"); and DOES 1-20 (collectively hereinafter "Defendants").

## INTRODUCTION

1. On the afternoon of May 31, 2016, Defendant and pilot Miskuski departed Lake Havasu, Arizona ("the subject flight") in a Rockwell Commander 700, Serial No. 70027, registered as C-GBCM (the "subject aircraft"), with the plaintiffs onboard as passengers. As is more fully set forth below, Miskuski made multiple stops for fuel in the United States, the last being at Boise Airport ("BOI"). Upon landing at BOI, the subject aircraft's left engine failed, the subject aircraft was towed to Jackson Jet Center for maintenance, and Jackson Jet Center signed off the subject aircraft as safe for flight/airworthy. After departure from BOI and enroute to the final destination, Kelowna Airport ("YLW"), the subject aircraft's left engine—then right engine—failed in flight, which resulted in a crash landing in a Christmas tree farm and serious injuries to plaintiffs (the "subject crash").

## PARTIES

2. Plaintiff Kimberley Stefanski is an individual, resident of British Columbia, and citizen of Canada.

3. Plaintiff Kelly Mulzet is an individual, resident of British Columbia, and citizen of Canada.

4. Plaintiff Gracemary Stevens is an individual, resident of British Columbia, and citizen of Canada.

5. Defendant Jackson Jet Center, LLC is an Idaho limited liability company existing under the laws of the State of Idaho; a fixed base operator ("FBO") located at Boise International Airport; and a certified aircraft repair station.

6. At all times relevant to the subject crash, Jackson Jet Center was engaged in the business of refueling, servicing, and maintaining aircraft and assisting flight crew, specifically including refueling and performing maintenance on the subject aircraft and assisting and advising pilot Miskuski.

7. Conyan Aviation, Inc. d/b/a Jackson Jet Center ("JJC") is an Idaho corporation existing under the laws of the State of Idaho; a FBO located at Boise International Airport; and a certified aircraft repair station.

8. At all times relevant to the subject crash, JJC was engaged in the business of refueling, servicing, and maintaining aircraft and assisting flight crew, specifically including refueling and performing maintenance on the subject aircraft and assisting and advising pilot Miskuski.

9. Defendant ECOM Systems, Inc. is a corporation existing under the laws of Canada and is the registered owner of the subject aircraft.

10. ECOM's aircraft, the subject aircraft, was routinely used for flights for hire to, from, and between United States destinations, and at all times relevant, the subject aircraft was flown from Lake Havasu, Arizona with last stop in Boise, Idaho before the subject crash.

11. Defendant Brent Miskuski is an individual, resident of British Columbia, citizen of Canada, and was the pilot in command of the subject aircraft at all times relevant to the subject crash.

12. Defendants DOES 1 through 20, inclusive, are unknown persons who participated, in whole or in part, in the servicing, refueling, maintaining, inspecting, and piloting of the subject aircraft at all times relevant to the subject crash.

13. Plaintiffs are ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of those defendants named as DOES and for that reason, has sued these defendants by fictitious names.

14. Plaintiffs will seek to amend this complaint to show their true names and capacities when the same have been ascertained. Plaintiffs are informed and believe and on that basis allege that each of the defendants designated herein as a DOE was, in some manner, negligent or otherwise responsible for the occurrences and injuries alleged herein.

15. If any such DOE is a public entity, plaintiffs will have complied with any and all requirements to exhaust state remedies prior to the time said DOE defendant is named in the subject complaint.

16. Plaintiffs are informed and believe, and thereon allege, that at all times relevant hereto, the defendants, and each of them, were the agents, servants, employees, and joint ventures of the other remaining defendants, and were at all times herein mentioned, acting within the course, scope, and purpose of said agency, employment, and/or joint venture.

## JURISDICTION AND VENUE

17. This action is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332, in that: (a) at all times material to this action, the Plaintiffs were citizens of Canada; (b) at all times material to this action, Defendant Jackson Jet Center was a limited liability company existing under the laws of Idaho; (c) at all times material to this action, Defendant Conyan Aviation, Inc./JJC was a corporation existing under the laws of Idaho; (d) at all times material to this

action, Defendant ECOM was a corporation existing under the laws of Canada; (e) at all times material to this action, Defendant Miskuski was a citizen of Canada; and (f) that the amount in controversy exceeds the sum of $75,000.00.

18. This Court has supplemental jurisdiction over the state law claims in this civil action pursuant to 28 U.S.C. § 1367.

19. That venue is proper before this Court pursuant to 28 U.S.C. §1391(b)(2), in that the District of Idaho, Southern Division is a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## FACTUAL ALLEGATIONS

20. On or around the afternoon of May 31, 2016, Defendant and pilot in command Miskuski departed from Lake Havasu, Arizona on the subject flight, in the subject aircraft, and on a flight for hire with the plaintiffs onboard as passengers.

21. The temperature at Lake Havasu at the time of departure was approximately 118 degrees Fahrenheit.

22. Upon information and belief, because of the high temperature and the subject aircraft's high gross weight, Miskuski was advised that he should delay takeoff until early morning of the following day when the ambient temperature would be cooler and the subject aircraft would have better flight performance.

23. Miskuski decided to take off from Lake Havasu during the heat of the day and with less fuel to reduce the subject aircraft's gross weight, which would require him to make several fuel stops before reaching the final destination.

24. Upon information and belief, the subject aircraft encountered significant headwinds, which resulted in at least one unplanned fuel stop before reaching Boise Airport in Idaho.

25. After landing and while still on the active runway at BOI, the subject aircraft's left engine failed.

26. The subject aircraft was then towed off the active runway by Defendants Jackson Jet Center and JJC for maintenance and refueling.

27. Jackson Jet Center and JJC inspected and performed maintenance on the left engine, certified the subject aircraft as safe for flight/airworthy, and refueled the subject aircraft.

28. Upon information and belief, Jackson Jet Center and JJC employees inspected and performed maintenance on the subject aircraft and certified it safe for flight/airworthy when it was not.

29. Upon information and belief, Miskuski knew that the subject aircraft had a similar problem with the left engine on a flight previous to the subject flight, but he decided to take off from BOI and fly the subject aircraft to the final destination.

30. After departure from BOI and en route to the final destination, Kelowna Airport ("YLW"), the subject aircraft's left engine—then right engine—failed in flight, which resulted in a crash landing at night into a field in Canada.

31. Decisions made and actions taken at BOI by Defendants Miskuski, Jackson Jet Center, and JJC necessarily resulted in the panic-inducing dual engine failure in flight, the subject crash, and plaintiffs' injuries.

32. The inflight dual engine failure and the subject crash stirred an immediate and uncontrollable visceral and instinctual near death sympathetic nervous system response in each and every one of the plaintiffs.

33. Kimberley, Kelly, and Gracemary—the plaintiffs—endured a near death experience and the pre and post-impact terror which necessarily flows from it.

34. In addition to physical injuries, Kimberley, Kelly, and Gracemary now suffer with post-traumatic stress, and even with treatment, they will battle post-traumatic stress as a result of this incident for the rest of their lives.

## COUNT ONE
### [Negligence as to Defendants Jackson Jet Center, JJC, and DOES 1-15]

35. Plaintiffs hereby incorporate by reference all previous paragraphs of this Complaint as if fully set forth herein and further allege as to Defendants as follows:

36. That at all times relevant, Defendants Jackson Jet Center, JJC, and DOES 1-15 had a legal duty to plaintiffs to provide proper aircraft inspection, services, and maintenance to the subject aircraft.

37. That at all times relevant, these defendants breached said duty by, among other things, improperly inspecting and performing maintenance on the subject aircraft and improperly certifying the subject aircraft as safe for flight/airworthy when in fact it was not.

38. That these defendants knew or should have known that their tortious conduct directly and proximately caused an unreasonably dangerous condition, the subject crash.

39. That as a direct and proximate result of these defendants' tortious conduct as set forth supra, each and every plaintiff suffered separate, distinct, and individual legal injuries in an amount to be proven at trial, but not less than $75,000.

**WHEREFORE,** said Plaintiffs pray for judgment and verdict against Defendants as hereinafter set forth.

## COUNT TWO
### [Negligence as to Defendant ECOM and DOES 16-20]

40. Plaintiffs hereby incorporate by reference all previous paragraphs of this Complaint as if fully set forth herein and further allege as to Defendants as follows:

41. That at all times relevant, Defendants ECOM and DOES 16-20 were the registered owners of the subject aircraft.

42. That as registered owners of the subject aircraft, these defendants had a legal duty to the plaintiffs—passengers aboard its aircraft—during the subject flight and resultant subject crash to ensure that the subject aircraft was operated in a reasonable safe manner.

43. That these defendants breached said duty by permitting a dangerous, negligent, and reckless condition to occur, the subject crash.

44. That these defendants knew or should have known that their tortious conduct and/or the tortious conduct they ratified caused an unreasonably dangerous condition, the subject crash.

45. That as a direct and proximate result of these defendants' tortious conduct as set forth supra, each and every plaintiff suffered separate, distinct, and individual legal injuries in an amount to be proven at trial, but not less than $75,000.

**WHEREFORE,** said Plaintiffs pray for judgment and verdict against Defendants as hereinafter set forth.

## COUNT THREE
### [Negligence and Reckless Conduct as to Defendant Miskuski]

46. Plaintiffs hereby incorporate by reference all previous paragraphs of this Complaint as if fully set forth herein and further allege as to Defendants as follows:

47. That at all times relevant, Defendant Miskuski—pilot in command and pilot flying the subject aircraft—had a duty to ensure the safety of the plaintiffs during the subject flight.

48. That Defendant Miskuski breached said duty when he willfully, wantonly, carelessly, and recklessly took off from BOI in an aircraft he knew or should have known was not safe for flight/airworthy and crashed the subject aircraft at night into a field.

49. As a direct and proximate result of Defendant Miskuski's negligent, willful, wanton, reckless, and carelessly acts as set forth supra, each and every plaintiff suffered separate, distinct, and individual legal injuries in an amount to be proven at trial, but not less than $75,000.

**WHEREFORE,** said Plaintiffs pray for judgment and verdict against Defendants as hereinafter set forth.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs pray for judgment and verdict against Defendants as follows:

1. For past and future general (non-economic) damages according to proof at the time of trial;

2. For past and future special (economic) damages according to proof at the time of trial;

3. For past and future medical and incidental expenses, according to proof;

4. For past and future loss of earnings and/or earning capacity, according to proof;

5. Damages on each and every count set forth herein in an amount not less than $75,000;

6. Costs and attorneys' fees incurred by Plaintiffs in bringing this action;

7. Pre- and post-judgment interest at the highest rate allowed by law; and

8. For such other and further relief as the Court may deem just and proper.

Respectfully submitted this 28th day of December 2016.

**PETERSON LAWYERS**

Charles F. Peterson ISB No. 3346
Courtney M. Peterson ISB No. 8002

**NAPOLI SHKOLNIK**
Hunter J. Shkolnik
(Pending Pro Hac Vice)
F. Phillip Peche
(Pending Pro Hac Vice)

*Attorneys for Plaintiffs*

10
PLAINTIFFS' COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

**JURY DEMAND**

Plaintiffs herein demand a trial by jury.

Respectfully submitted this 28th day of December 2016.

                                                 **PETERSON LAWYERS**

                                                 _/s/_

                                               Charles F. Peterson ISB No. 3346
                                               Courtney M. Peterson ISB No. 8002

                                               **NAPOLI SHKOLNIK**
                                               Hunter J. Shkolnik
                                               (Pending Pro Hac Vice)
                                               F. Phillip Peche
                                               (Pending Pro Hac Vice)

                                               _Attorneys for Plaintiffs_